[DOCKET NO. 6]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| CLIFTON ODIE, | : | CIV. NO. 22-5249 (RMB) |
| | : | |
| Petitioner | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| WARDEN KNIGHT, | : | |
| | : | |
| Respondent | : | |

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon Petitioner Clifton Odie's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., Dkt. No. 1, and Petr's Mem. of Law, Dkt. No. 1-1); Respondent's motion to dismiss for lack of jurisdiction or failure to state a claim (Motion to Dismiss, Docket No. 6; Brief in Supp. of Respt's Mot. to Dismiss ("Respt's Brief"), Dkt. No. 6-1); and Petitioner's Brief in Reply of Respondent's Mot. to Dismiss ("Reply Brief" Dkt. No. 7.) For the reasons discussed below, the Court will grant Respondent's motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**I.      THE HABEAS PETITION**

Pursuant to *United States v. De La Torre*, 940 F.3d 938 (7th Cir. 2019), Petitioner asserts that he is legally innocent of the sentence enhancement imposed on him under 21 U.S.C. § 851 in the United States District Court, District of South

Dakota, *U.S. v. Odie*, 4:17-CR-40016(KES) (D.S.D.)[1][2] (Dkt. No. 1-1). Petitioner further claims he was classified and sentenced as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2 for Illinois drug crimes which no longer qualify as predicate offenses based on intervening Guidelines interpretations. He seeks relief under 28 U.S.C. § 2241(c)(3), which provides relief to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." Specifically, Petitioner asserts jurisdiction under § 2241 through the safety valve in 28 U.S.C. § 2255(e), as described by the Third Circuit Court of Appeals in *In Re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). He seeks resentencing without the career offender enhancement. (Dkt. No. 1 at 7, ¶ 15.)

## II. RESPONDENT'S MOTION TO DISMISS

Respondent seeks to dismiss the habeas petition on two grounds: (1) lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), for routine sentencing claims; and (2) failure to state a claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), for collateral attacks on advisory guidelines sentences. (Dkt. No. 6-1 at 2.)

---

[1] Available at www.pacer.gov.

[2] The Seventh Circuit Court of Appeals held the defendant's Illinois drug convictions did not "qualify as prior felony drug offenses for purposes of the [21 U.S.C.] § 851 enhancement." *United States v. De La Torre*, 940 F.3d 938, 949 (7th Cir. 2019).

### III. PETITIONER'S REPLY BRIEF

In opposition to Respondent's motion to dismiss, Petitioner relies on *In re Dorsainvil* for jurisdiction under § 2225(e)'s savings clause for claims of actual innocence based on intervening changes in substantive law. (Dkt. No. 7.)

### IV. LEGAL STANDARD

"A district court entertaining a Rule 12(b)(1) motion to dismiss … must first ascertain whether it 'presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed.'" *Long v. Se. Pennsylvania Transportation Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). When there is a facial attack on a claim, a district court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering Plough*, 678 F.3d at 243 (quoting *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). On the other hand, if the defendant contests the truth of the jurisdictional allegations, there is a factual attack and the district court must hold a plenary trial to resolve any material factual disputes. *Long*, 903 F.3d at 320 (citing *Constitution Party of Pa.*, 757 F.3d at 357); *Schuchardt v. President of the U.S.*, 839 F.3d 336, 343 (3d Cir. 2016)). Respondent presents a facial challenge to jurisdiction.

## V.  ANALYSIS

In his habeas petition, Petitioner refers to his conviction and sentence in the United States District Court, South Dakota, *United States v. Odie*, 4:17-CR-40016(KES) (D.S.D.).[3] Therefore, this Court may consider those proceedings, in the light most favorable to Petitioner, to determine Respondent's facial attack on jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Petitioner is presently serving a 120-month term of imprisonment for conspiracy to distribute 100 grams or more of heroin. (Dkt. No. 1-1 at 4.)

On June 22, 2023, the Supreme Court in *Jones v. Hendrix* held that the saving clause of § 2255(e) does not authorize "a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion[,]" thus, abrogating *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997); *Triestman v. United States*, 124 F.3d 361, 378–380 (2d Cir. 1997); *In re Davenport*, 147 F.3d 605, 609–611 (7th Cir. 1998), and the majority of circuit court decisions that followed. 143 S. Ct. 1857, 1868 (2023). Pursuant to *Jones*, there are only two conditions in which a second or successive § 2255 motion may proceed, those described in § 2255(h).[4] *Id.* The Supreme Court explained:

---

[3] Petitioner set out the procedural history of his conviction and sentence in his memorandum in support of his petition. (Dkt. No. 1-1 at 2-3). The sentencing court found his advisory guidelines range was 262-360 months, and he was initially sentenced to 240-months imprisonment, later reduced to 120 months.

[4] 28 U.S.C. § 2255(h) provides:

> The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction….

*Id.* at 1869. This Court, therefore, lacks jurisdiction under § 2241 over Plaintiff's challenge to his sentence based on intervening statutory interpretation of § 851, and his challenge to whether his predicate crimes are "controlled substance offense[s]" under U.S.S.G. §§ 4B1.1 and 4B1.2.

Where a Court lacks jurisdiction, it must consider whether to transfer jurisdiction to the appropriate court pursuant to 28 U.S.C. § 1631. Petitioner raised the same claim statutory interpretation claim based on the Seventh Circuit's decision *De La Torre* under § 2255; and the sentencing court dismissed his claim as time-barred and not subject to equitable tolling and was affirmed by the Eighth Circuit Court of Appeals. *Odie v. United States*, 42 F.4th 940, 944, 947 (8th Cir. 2022).

---

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner did not raise his Guidelines interpretation claim in his § 2255 motion. *Odie v. U.S.*, 20cv4039 (KES) (D.S.D.)[5] In the Eighth Circuit, challenges to advisory guidelines sentences based on intervening interpretations of the Guidelines are not cognizable under § 2255, unless a miscarriage of justice would occur, such as where "the sentence imposed 'exceeds the statutory maximum for the offense of conviction.'" *Sun Bear v. United States*, 644 F.3d 700, 705–06 (8th Cir. 2011) (quoting *U.S. v. Stobaugh*, 420 F.3d 796, 804 (8th Cir. 2005) (additional citations omitted)). Petitioner may not assert either of his claims in a second or successive § 2255 petition. Therefore, this Court will not transfer his habeas petition.

## VI.  CONCLUSION

For the reasons discussed above, this Court will grant Respondent's motion to dismiss the habeas petition under 28 U.S.C. § 2241 for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court need not address Respondent's alternative argument that the habeas petition fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

An appropriate Order follows.

DATE:  July 26, 2023

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              Chief United States District Judge

---

[5] Available at www.pacer.gov.